UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JAVIER GIMENEZ RIVERO,

      Petitioner,

v.                                        Case No.: 6:26-cv-66-RBD-NWH

SHERIFF JOHN MINA; LOUIS A.
QUINONES, JR.; ICE /U.S.
IMMIGRATION AND CUSTOMS
ENFORCEMENT, WARDEN,
ORANGE COUNTY JAIL; and
UNITED STATES ATTORNEY
GENERAL;

      Respondents.
_____/

**ORDER**

THIS CAUSE is before the Court for consideration without oral argument on Petitioner's Second Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 4). As discussed below, the Court will grant a temporary restraining order ("TRO") and set an expedited briefing schedule and hearing on Plaintiff's request for a preliminary injunction.

**I. Background**

Petitioner filed a petition for writ of habeas corpus ("Petition," Doc. 1) under 28 U.S.C. § 2241 challenging the legality of his detention by the United States Immigration and Customs Enforcement ("ICE"). ("Petition," Doc. 1.) Petitioner

1

also filed a Motion for TRO and preliminary injunction requesting the Court to enjoin Respondents from transferring him from the Orange County Jail pending the resolution of the Petition. (Doc. 4.)

According to the Petition, Petitioner is lawfully present in the United States as a national of Venezuela under Temporary Protected Status ("TPS") and is being unlawfully detained after being arrested by the Orange County Sheriff's Office for allegedly being undocumented. (*Id.* at 1-3.) Petitioner states that "he is the derivative child of his mother's I-589. . . , the derivative child of his father's pending asylum application[,] and therefore is not properly subject to local civil-immigration confinement absent lawful federal process." (*Id.* at 2.) Petitioner asserts he has no criminal record and no pending criminal charges. (*Id.*)

Petitioner contends that his continued detention lacks probable cause and violates due process. (*Id.* at 3.) In the Petition, he seeks the following relief: (1) an order directing Respondents to justify his detention and an expedited hearing as soon as practicable, (2) a writ of habeas corpus directing his immediate release, (3) "a TRO/preliminary injunction prohibiting Respondents from transferring Petitioner to ICE custody absent a judicial warrant or other lawful authority", (4) a declaration that Petitioner's detention based solely on an ICE detainer and without criminal process is unlawful, (5) alternatively, his immediate production before the Court to require Respondents to establish a lawful basis for his

detention, and (6) any other relief, including costs, that the Court deems proper. (*Id.* at 5-6.)

## II. Legal Standard

Federal Rule of Civil Procedure 65 authorizes this Court to issue a TRO without notice to the adverse party when (a) "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury . . . will result to the movant before the adverse party can be heard in opposition," and (b) "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." If the movant establishes that he is justified in seeking ex parte relief, he then must show that injunctive relief is warranted. To do so, the movant must demonstrate "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the nonmovant; and (4) that the entry of the relief would serve the public interest." *Schiavo ex. rel Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005). "The balance-of-the-harms and public-interest elements merge when the government is the party opposing the injunctive relief." *Melendez v. Sec'y, Fla. Dep't of Corr.*, No. 21-13455, 2022 WL 1124753, at *17 (11th Cir. Apr. 15, 2022) (citing *Swain v. Junior*, 961 F.3d 1276, 1293 (11th Cir. 2020)).

## III.   Analysis

### A. Likelihood of Success on the Merits

"Noncitizens present in the United States are entitled to due process under the Fifth Amendment." *Mejia v. Noem*, No. 2:25-CV-981-SPC-NPM, 2025 WL 3078656, at *2 (M.D. Fla. Nov. 4, 2025) (citing *Reno v. Flores*, 507 U.S. 292, 306 (1993). This includes protection against deprivations of liberty, such as immigration detention, without due process of law. *Id.* (citing *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001) for the proposition that "[f]reedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects.").

As relevant here,

> TPS entitles citizens of the designated countries to live and work in the United States, and it protects them from removal for as long as the TPS designation remains in effect. *Sanchez v. Mayorkas*, 593 U.S. 409, 412 (2021). The Attorney General has the authority to arrest and detain aliens with pending removal proceedings. *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018). But there is no legal justification for detaining a noncitizen who is not subject to removal. *The law is clear: "An alien provided temporary protected status . . . shall not be detained by the Attorney General on the basis of the alien's immigration status in the United States."* 8 U.S.C. § 1254a(d)(4).

*Mejia*, 2025 WL 3078656, at *2 (emphasis added).

Further, courts have determined that aliens, like Petitioner, who are present in the United States and have TPS and active applications for asylum, are not subject to mandatory detention without a bond hearing under 8 U.S.C. § 1225(b)(2). *See, e.g., Reyes v. Rose*, No. CV 25-7138, 2026 WL 75816, at *1 n.1 (E.D.

4

Pa. Jan. 9, 2026) (concluding the petitioner was detained under 8 U.S.C. § 1226(a) and entitled to habeas relief by the way of a bond hearing and noting that "[a]s of January 5, 2026, '308 judges have ruled against the [Government's] mass detention policy — ordering release or bond hearings in more than 1,600 cases — [while] just 14 judges . . . have sided with the [Government's] position."). Rather, these courts have held that such individuals are subject to detention under 8 U.S.C. § 1226(a), and thus, entitled to a bond hearing. *See id.*

The likelihood of Petitioner's success on the merits largely is contingent on whether he has TPS and/or is detained under 8 U.S.C. § 1226(a). The Court recognizes that "there is ongoing litigation about the future of Venezuela's TPS designation." *Mejia*, 2025 WL 3078656, at *2 *Id.* (citing *Noem v. Nat'l TPS Alliance*, 606 U.S. ---, --- 2025 WL 2812732, at *1 (Oct. 3, 2025)). Nevertheless, from Petitioner's allegations, he is currently protected by TPS and/or appears to be entitled to a bond hearing. Consequently, his detention appears to be unlawful or warranting of a bond hearing, and he has demonstrated a likelihood of success on the merits.

**B. Irreparable Harm**

Next, Petitioner must demonstrate that without an injunction he will suffer irreparable injury, which is an injury that "'cannot be undone through monetary remedies.'" *Scott v. Roberts*, 612 F.3d 1279, 1295 (11th Cir. 2010) (quoting

*Cunningham v. Adams*, 808 F.2d 815, 821 (11th Cir. 1987)). "It is well established that the deprivation of constitutional rights 'unquestionably constitutes irreparable injury.'" *Mejia*, 2025 WL 3078656, at *3 (quoting *Gayle v. Meade*, 614 F. Supp. 3d 1175, 1205 (S.D. Fla. 2020)); *but see Siegel v. LePore*, 234 F.3d 1163, 1177 (11th Cir. 2000) ("Plaintiffs also contend that a violation of constitutional rights always constitutes irreparable harm. Our case law has not gone that far, however.").

As Petitioner argues, allowing Petitioner, who appears to be unlawfully detained, to be transferred from the Orange County Jail to an ICE holding facility outside this Court's jurisdiction would frustrate the speedy resolution of this case and potentially impact the Court's jurisdiction. If this occurred, Petitioner likely would be unlawfully detained without due process even longer. Petitioner, therefore, has shown irreparable harm will occur if relief is not granted. Thus, the Court concludes that prohibiting Petitioner's transfer from the Orange County Jail is the equitable and expedient manner by which to limit and address Petitioner's ongoing detention.

### C. Balance of Equities and Public Interest

The final factors for injunctive relief also weigh in Petitioner's favor. Petitioner's rights to due process and liberty are at issue. "'Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty [the Fifth Amendment's Due Process

6

Clause] protects." *Mejia*, 2025 WL 3078656, at *3 (quoting *Zadvydas*, 533 U.S. at 690). There is no identifiable legitimate public interest served by Petitioner's likely unlawful detention. Rather, "the public is better served by the faithful execution of immigration laws." *Id.*; *see also Rojano Gonzalez v. Sterling*, No. 1:25-cv-6080-MHC, 2025 WL 3145764, at *8 (N.D. Ga. Nov. 3, 2025) (holding that the balance of equities and public interest weigh in a petitioner's favor where a TRO would merely prevent respondents from applying a statutory scheme in an unlawful manner).

## IV. Conclusion

In sum, the Court concludes that Petitioner's immigration detention and/or the absence of a bond hearing are unlawful. Petitioner's transfer from the Orange County Jail to an ICE facility would prolong said detention and cause irreparable harm if permitted. Therefore, the Court will grant Petitioner's request for a temporary restraining order. It is unlikely that Respondents will sustain costs or damages because of this Order. Thus, Petitioner does not have to post a security bond. *See* Fed. R. Civ. P. 65(c).

Accordingly, it is **ORDERED:**

1. Petitioner's Motion for TRO (Doc. 4) is **GRANTED**. Respondents and those in privity with them are hereby **TEMPORARILY ENJOINED** from

transferring Javier Gimenez Rivero from the Orange County Jail **until further order of the Court**;

2. Respondents shall respond in writing to the Motion (Doc. 4) and the Petition for Habeas Corpus (Doc. 1) by **January 20, 2026, at NOON** and show cause why the Court should not issue a preliminary injunction;

3. The United States Marshal shall serve a copy of this Order on Respondents today, **January 14, 2026,** and certify to the Court that service has been effected;

4. No bond shall be required as the Court deems it unnecessary; and

5. **TAKE NOTICE** that the Court will consider this matter at a hearing on **January 21, 2026 at 10:00 AM**, at which time the TRO will expire unless extended.

6. The Clerk of Court is directed to electronically send a copy of this Order to the United States Attorney's Office in Orlando, Florida.

**DONE** and **ORDERED** in Orlando, Florida on January 14, 2026.

ROY B. DALTON, JR.
United States District Judge

Copies furnished to:

Counsel of Record

Office of the United States Attorney
400 W. Washington Street
Suite 3100
Orlando, Florida 32801

Kristi Noem, Secretary,
Office of the General Counsel,
United States Department of Homeland Security
2707 Martin Luther King, Jr. Ave, SE
Washington, D.C., 20528

Garrett Ripa, Miami Field Office Director,
United States Immigration and Customs Enforcement
865 SW 78th Avenue
Suite 101
Plantation, Florida, 33324

Sheriff John Mina

Warden, Orange County Jail