UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JAVIER GIMENEZ RIVERO,

    Petitioner,

    v.                                                     Case No.: 6:26-cv-66-RBD-NWH

SHERIFF JOHN MINA, LOUIS A.
QUINONES, JR., and ICE /U.S.
IMMIGRATION AND CUSTOMS
ENFORCEMENT,

    Respondents.
_____/

**RESPONSE IN OPPOSITION TO PETITION FOR WRIT OF
HABEAS CORPUS AND REVIEWED EMERGENCY MOTION FOR
TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJECTION**

    Respondents, by and though the undersigned Assistant U.S. Attorney, hereby respond in opposition to Javier Gimenez Rivero's ("Petitioner") Petition for Writ of Habeas under 28 U.S.C. § 2241 (Doc. 1) and Renewed Emergency Motion for Temporary Restraining Order and Preliminary injunction (Doc. 4). Respondents oppose the relief sought and seek dismissal of this action. In support, Respondents state as follows:

## BACKGROUND

    Petitioner is a national of Venezuela who entered the United States without inspection on or about September 15, 2021, and was apprehended shortly thereafter. Exhibit A. Petitioner was paroled under Immigration and Nationality Act ("INA") §

INA 212(d)(5)(A) until September 30, 2021. *Id.* On September 1, 2022, Petitioner received a receipt notice that his Form I-589 Application for Asylum and Withholding of Removal was received and pending as of May 3, 2022. Doc. 1, pg. 13. On or about January 7, 2026, Petitioner was detained at the Orange County Jail. *Id.* at ¶ 16-17.

On January 12, 2026, Petitioner filed this Petition (Doc. 1). On January 13, 2026, the Court denied Petitioner's request for temporary injunctive relief. *See* Doc. 3. Also on January 13, 2026, Petitioner filed a renewed temporary restraining order and preliminary injection. *See* Doc. 4. On January 14, 2026, the Court granted Petitioner's motion for temporary restraining order directing Respondent to not remove Petitioner from the Orange County Jail. *See* Doc. 7. On January 16, 2026, Petitioner was served with a Notice to Appear stating that he is "an alien present in the United States who has not been admitted or paroled." Exhibit B. Pursuant to the Notice to Appear, Petitioner is ordered to appear before an immigration judge on March 17, 2026. *Id.*

## LEGAL STANDARDS

The Court has the power to grant a writ of habeas corpus where a petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941). "The burden rests on the person in custody to prove his detention is unlawful." *Benito Vasquez v. Moniz*, No. 25-11737-NMG, 2025 WL 1737216, at *1 (D. Mass. June 23, 2025).

Federal Rule of Civil Procedure 12(b)(1) requires dismissal of claims where the Court "lack[s] jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1). A motion

to dismiss may be brought pursuant to Fed. R. Civ. P. 12(b)(1) in two ways: a facial challenge or a factual challenge. *Kennedy v. Floridian Hotel, Inc.*, 998 F.3d 1221, 1230 (11th Cir. 2021). "A facial attack challenges whether a plaintiff "has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *Id.* By contrast, a factual attack "challenges the existence of subject matter jurisdiction irrespective of the pleadings, and extrinsic evidence may be considered." *Id.* Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint. To survive a motion to dismiss under this Rule, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## ARGUMENT

### I. This Court Lacks Jurisdiction over Petitioner's Claims

Federal courts have limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The Immigration and Nationality Act ("INA") divests this Court's jurisdiction over habeas cases related to removal proceedings. Habeas corpus review in federal district court is not available for claims "arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders." 8 U.S.C. § 1252(g). This provision bars habeas review in federal courts when the claim arises from "discrete acts of commencing proceedings, adjudicating cases, and executing removal orders." *Reno v. American-Arab Anti-*

*Discrimination Committee (AADC)*, 525 U.S. 471, 483 (1999) (cleaned up). These activities "represent the initiation or prosecution of various stages in the deportation process" that Congress had "good reason" to withhold from judicial review. *Id.* 8 U.S.C. § 1252(g) bars review if the conduct "to commence proceedings, adjudicate cases, or execute removal orders is the basis of the claim." *Gupta v. McGahey*, 709 F.3d 1062, 1065 (11th Cir. 2013).

Securing an alien while awaiting a removal determination constitutes an action taken to commence proceedings. *Gupta*, 709 F.3d at 1062, 1065; *see also Alvarez v. ICE*, 818 F.3d 1194, 1203 (11th Cir. 2016) ("Because [alien] challenges the methods that ICE used to detain him prior to his removal hearing, these claims are foreclosed by § 1252(g) and our decision in *Gupta*."); *Johnson v. U.S. Att'y Gen.*, 847 F. App'x 801, 802 (11th Cir. 2021). "By its plain terms, [§ 1252(g)] bars us from questioning ICE's discretionary decisions to commence removal—and thus necessarily prevents us from considering whether the agency should have used a different statutory procedure to initiate the removal process." *Alvarez*, 818 F.3d at 1203.

Here, Petitioner was detained "while awaiting a removal determination." *Gupta*, 709 F.3d at 1065. Under *Gupta*'s binding interpretation of § 1252(g), this Court has no jurisdiction. *Id.* Petitioner provides no authority that states a pending I-589 somehow bars immigration custody.[1] Petitioner also provides absolutely no evidence

---

[1] To the contrary, the statute and regulations clearly contemplate asylum arising in custodial contexts. *See, e.g.*, 8 U.S.C. 1225(b)(1)(B)(ii); 8 CFR 208.5(a). (Note however, that this is not a case under 1225(b)(1)(B)(ii) where the petitioner was placed in expedited removal, found to have a credible fear, and processed for an NTA on that basis.)

4

that he has Temporary Protected Status ("TPS") beyond his counsel's own mere statements. *See I.N.S. v. Phinpathya*, 464 U.S. 183, 188 n.6 (1984) (noting that "[c]ounsel's unsupported assertions in respondent's brief" are not evidence of eligibility for relief). Petitioner's Employment Authorization Document is also not permission to remain lawfully in the United States. Further, Venezuela's TPS designations have been terminated.[2] Petitioner fails to provide anything to prove that he is lawfully present in the United States; rather, as discussed below, he is an inadmissible alien and an applicant for admission, subject to mandatory detention. This Court therefore lacks subject-matter jurisdiction over this case.

## II.  Petitioner Fails to Adequately State a Claim for Relief.

Counts I through III of this Petition essentially allege that Petitioner's warrantless arrest and detention violate the U.S. Constitution and exceed ICE's lawful authority. Petitioner's claims fail as a matter of law.

"[A]n alien who 'arrives in the United States,' or 'is present' in this country but 'has not been admitted,' is treated as 'an applicant for admission.'" *Jennings v. Rodriguez*, 138 S. Ct. 830, 838 (2018) (quoting 8 U.S.C. § 1225(a)(1)). "[A]pplicants for admission fall into one of two categories, those covered by § 1225(b)(1) and those covered by § 1225(b)(2)." *Id.*

> Aliens covered by § 1225(b)(1) are normally ordered removed without further hearing or review" pursuant to an expedited removal process. §

---

[2] *See* https://www.uscis.gov/humanitarian/temporary-protected-status/temporary-protected-status-designated-country-venezuela

> 1225(b)(1)(A)(i). But if a § 1225(b)(1) alien indicates either an intention to apply for asylum . . . or a fear of persecution, then that alien is referred for an asylum interview. § 1225(b)(1)(A)(ii). If an immigration officer determines after that interview that the alien has a credible fear of persecution, the alien shall be detained for further consideration of the application for asylum. § 1225(b)(1)(B)(ii). Aliens who are instead covered by § 1225(b)(2) are detained pursuant to a different process. Those aliens shall be detained for a [removal] proceeding if an immigration officer "determines that [they are] not clearly and beyond a doubt entitled to be admitted" into the country. § 1225(b)(2)(A).

*Id.* at 837 (internal quotations omitted).

Sections 1225(b)(1) and (b)(2) both "mandate detention of applicants for admission until certain proceedings have concluded. Section 1225(b)(1) aliens are detained for 'further consideration of the application for asylum, and § 1225(b)(2) aliens are in turn detained for '[removal] proceeding[s]." *Id.* at 842 (internal quotations omitted). "Regardless of which of those two sections authorizes their detention, applicants for admission may be temporarily released on parole 'for urgent humanitarian reasons or significant public benefit.'" *Id.* at 837 (citing 8 U.S.C. § 1182(d)(5)(A)). Such parole, however, "shall not be regarded as an admission of the alien." *Id.* Instead, an alien detained under § 1225(b) who is released from detention pursuant to a grant of parole under § 1182(d)(5)(A), and whose grant of parole is subsequently terminated,[3] is returned to custody under section § 1225 pending the completion of removal proceedings. *Id.* (citing 8 U.S.C. § 1182(d)(5)(A)); *see also Matter of Q. Li*, 29 I&N Dec. 66, 71 (BIA 2025) (explaining that "once the [respondent's] grant

---

[3] Parole terminates automatically without written notice to the alien if the alien departs from the U.S. or if the time for which parole was authorized expires. 8 C.F.R. § 212.5(e)(1).

of parole was terminated, she was required to "forthwith return or be returned to the custody" under section 235(b) "from which [she] was paroled" (quoting INA § 212(d)(5)(A), 8 U.S.C. § 1182(d)(5)(A)).

Here, Petitioner illegally entered the United States without inspection and falls within the ambit of INA § 235(b)(1), 8 U.S.C. § 1225(b)(1). Pursuant to § 1182(d)(5), he was paroled through September 30, 2021. Petitioner has since been arrested and brought back into custody. Neither a warrant nor notice was required for Petitioner's arrest and detention. Indeed, § 1182(d)(5) mandates that an alien "shall forthwith return or be returned to the custody from which he was paroled and thereafter his case shall continue to be dealt with in the same manner as that of any other applicant for admission to the United States." 8 U.S.C. § 1182(d)(5)(A).[4]

Thus, Petitioner's detention is constitutional and within ICE's statutory authority. Petitioner is being lawfully detained, and his Petition must be dismissed. *Bermudez Paiz v. Decker*, No. 18CV4759GHWBCM, 2018 WL 6928794, at *18 (S.D.N.Y. Dec. 27, 2018) (explaining that, pursuant to 8 C.F.R. § 212.5(e)(2)(i), Department of Homeland Security ("DHS") is permitted to re-detain an alien once their parole has been terminated); *see also Matter of Q. Li*, 29 I&N Dec. at 70 ("[A]n alien detained under section 235(b) who is released from detention pursuant to a grant of parole under section 212(d)(5)(A), and whose grant of parole is subsequently

---

[4] To the extent Petitioner contends he was entitled to notice before his parole was terminated, he is incorrect. *See* 8 C.F.R. § 212.5(e)(1)(ii).

terminated, is returned to custody under section 235(b) pending the completion of removal proceedings.").

### III. Petitioner is Not Entitled to a Restraining Order or Preliminary Injection

Assuming arguendo the Court were to allow Petitioner's claims to proceed, he is not entitled to a restraining order or a preliminary injunction. Petitioner's request is due to be denied because he cannot establish any of the four prerequisites necessary to obtaining a restraining order or a preliminary injunction—specifically, "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest." *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005).

#### a. Petitioner has not demonstrated a substantial likelihood of success on the merits.

Petitioner has failed to demonstrate a substantial likelihood of success on the merits because, as explained *supra*, his claims are jurisdictionally barred and fail as a matter of law.

#### b. Petitioner has not established irreparable harm.

To satisfy this requirement, Petitioner must demonstrate that absent a preliminary injunction he will suffer an injury that is neither "remote nor speculative, but actual and imminent," and one that cannot be remedied if a court waits until the

8

end of trial to resolve the harm. *Ne. Fla. Chapter of Ass'n of Gen. Contractors of Am.*, 896 F.2d 1283, 1285 (11th Cir. 1990) (quoting *Tucker Anthony Realty Corp. v. Schlesinger*, 888 F.2d 969, 973 (2d Cir. 1989)). Petitioner fails to explain how his transfer to ICE custody would cause actual and imminent injury. Further, as explained *supra*, this Court already does not have habeas jurisdiction.

### c. Balance of equities and public interest weighs in Respondents favor.

The federal government has a legitimate and compelling interest in preventing unauthorized entry and regulating immigration in a way that protects national security, public safety, and public health. As Petitioner is being lawfully detained, Petitioner has not identified any valid public interest or balance of equities.

WHEREFORE, Respondents respectfully request that the Court: (a) dismiss the Petition for lack of jurisdiction, or alternatively, for failure to state a claim; (b) and deny his emergency motion for a temporary restraining order and preliminary injunction with prejudice.

Dated: January 20, 2026               Respectfully submitted,

                                      GREGORY W. KEHOE
                                      United States Attorney

                              By:     */s/ Joy Warner*
                                      Assistant United States Attorney
                                      Lead Counsel for United States
                                      USA No. 229
                                      400 W. Washington Street, Suite 3100
                                      Orlando, Florida 32801

Telephone: (407) 648-7581  
Facsimile: (407) 648-7588  
Email: joy.warner@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 20, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notice of the filing to the following CM/ECF participant:

Phillip Arroyo, Esq.

*/s/ Joy Warner*  
Assistant United States Attorney