```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                          ORLANDO DIVISION
                   CASE NUMBER 6:26-cv-66-RBD-NWH


JAVIER GIMENEZ RIVERO,          :
                                :
          Petitioner,           :
                                :         Orlando, Florida
          v.                    :         January 21, 2026
                                :         10:04 a.m.
SHERIFF JOHN MINA, ET AL.,      :
                                :
          Respondents.          :



                 TRANSCRIPT OF EVIDENTIARY HEARING

            BEFORE THE HONORABLE ROY B. DALTON, JR.
                   UNITED STATES DISTRICT JUDGE



APPEARANCES:


Counsel for Petitioner:      Phillip H. Arroyo


Counsel for Respondent:      Joy Warner




Court Reporter:     Amie R. First, RDR, CRR, CRC, CPE
                    Federal Official Court Reporter
                    401 West Central Boulevard, Suite 4600
                    Orlando, Florida  32801
                    AmieFirst.CourtReporter@gmail.com

Proceedings recorded by Realtime Stenography.

Transcript produced by Computer-Aided Transcription.
```

```
 1                    P R O C E E D I N G S
 2                            *****
 3              (Court called to order.)
 4              THE COURT:  Good morning, everyone.
 5              Call the case, please, Ms. Melians.
 6              THE DEPUTY CLERK:  In the interest of Javier
 7    Gimenez Rivero versus U.S. Immigration and Customs
 8    Enforcement, et al., Case Number 6:26-cv-66.
 9              Appearances for the record starting with the
10    petitioner.
11              ATTORNEY ARROYO:  Phillip Arroyo on behalf of
12    Mr. Javier Gimenez.
13              THE COURT:  Good morning.
14              ATTORNEY WARNER:  Good morning, Your Honor.
15    AUSA Joy Warner on behalf of the United States.
16              OFFICER ANNOTTI:  Deportation Officer Mark
17    Annotti, Your Honor.
18              THE COURT:  Good morning.
19              OFFICER ANNOTTI:  Good morning, Your Honor.
20              THE COURT:  Mr. Arroyo, before we get underway, I
21    understand that your client speaks some English but would
22    prefer to have the opportunity to have the proceedings or
23    at least have a translator in Spanish.  We don't have a
24    certified Spanish translator available, as I think my
25    courtroom deputy told you, because of the exigent nature of
```

```
 1   the proceedings.
 2           It's my understanding that you're prepared to go
 3   forward and waive your client's right to have a certified
 4   interpreter.
 5           Is that correct?
 6           ATTORNEY ARROYO:  That is correct, Your Honor.
 7           And co-counsel can interpret as well.
 8           THE COURT:  All right.  Do either you or -- either
 9   Mr. Arroyo or Ms. Warner, do either of you plan to have any
10   witnesses that you want to call to testify?
11           Let's start with the petitioner.
12           ATTORNEY ARROYO:  On behalf of the petitioner, no.
13           THE COURT:  All right.  Ms. Warner.
14           ATTORNEY WARNER:  Your Honor, we have the
15   deportation officer here if needed.  But at this time I
16   don't plan to.
17           THE COURT:  Okay.  Well, I've had an opportunity
18   to review your papers, so I'm reasonably well-informed
19   about your respective positions.
20           I think probably the most efficient way to go
21   forward, Ms. Warner, is to give you the opportunity to make
22   your argument as to why it is that you think the Court
23   lacks jurisdiction and that Mr. Rivero is properly
24   detained.
25           And looking at your papers, I know the
```

```
 1   Government's position is that he was properly detained
 2   pursuant to the mandatory provisions of 1225.
 3           I don't know if you want to add something to your
 4   written papers, but I want to give you an opportunity to do
 5   that.
 6           ATTORNEY WARNER:  Sure, Your Honor.
 7           May I approach?
 8           THE COURT:  Yes, please.
 9           ATTORNEY WARNER:  May it please the Court.
10           THE COURT:  Yes, ma'am.
11           ATTORNEY WARNER:  Counsel.
12           Your Honor, this is a very simple case and nothing
13   out of the ordinary fact pattern.
14           The petitioner, Gimenez Rivero, is a national of
15   Venezuela who entered the United States back in 2021
16   without inspection.  He was encountered about a mile
17   north of Eagle Pass back in 2021 and was paroled under
18   INA 212(d)(5)(A).
19           At the current time, petitioner is an alien
20   present in the United States who has not been admitted.
21           I kind of want to tie in the issue on preliminary
22   injunctive relief into the jurisdictional issue on habeas.
23           Pursuant to your order, Your Honor, at Document 7,
24   you stated that the elements of the likelihood of success
25   on the merits, the first element for this preliminary
```

1  injunction, is contingent on whether petitioner has TPS
2  and/or is detained under 8 U.S.C. 1226a.
3       In accordance with petitioner's counsel's own
4  statement in Document Number 9 that he submitted after he
5  filed the petition in this matter, the petitioner does not
6  presently have an approved temporary protected status
7  Pursuant to Document Number 9, he is pending an
8  application.
9       But I would also like to point out, as I did in
10 the response brief in Document 11, that the temporary
11 protected status from Venezuela has been terminated and
12 that has been effective October 3rd, 2025.  So even if
13 the petitioner were to have any sort of temporary protected
14 status, that has been terminated at this time.
15      THE COURT:  The critical question is whether or
16 not he was properly retained under 1225.
17      ATTORNEY WARNER:  Right.
18      And so under 1225 --
19      THE COURT:  So whether or not he's an applicant
20 seeking admission pursuant to 1225 which would result in a
21 mandatory detention or whether he's subject to
22 discretionary detention under 1226, that's really the
23 issue --
24      ATTORNEY WARNER:  Yeah.
25      THE COURT:  -- that's now crystallized in light of

```
 1   Mr. Arroyo's clarification that the TPS status was not
 2   issued but is application pending.
 3            ATTORNEY WARNER:  Yes, Your Honor.
 4            And he is being detained under 1225.  He is an
 5   alien who was detained while awaiting a removal decision.
 6   As I stated previously, he came into the United States
 7   without an inspection.  And pursuant to the petitioner's
 8   attachments and argument, he is pending application of --
 9            THE COURT:  He's not an applicant seeking
10   admission.
11            ATTORNEY WARNER:  Sorry?
12            THE COURT:  He's not an applicant seeking
13   admission.
14            ATTORNEY WARNER:  Yes.  He's waiting removal of a
15   deportation --
16            THE COURT:  So 1225 is not the appropriate statute
17   under which to detain the petitioner.
18            ATTORNEY WARNER:  No --
19            THE COURT:  The Government has made this argument
20   in hundreds of cases.  You've made the 1252(g) argument in
21   hundreds of cases.  You've lost in almost every one.
22            I have a couple of issues with your filing.
23   You're an officer of the court.  And I have no problem
24   whatsoever with the Government taking the position that
25   these prior determinations are incorrectly decided, but I
```

```
 1   do have a problem with officers of the court not bringing
 2   those cases to my attention.  Right?
 3           Those cases should be cited in your papers.
 4   They're not.  You rely on Gupta for the assertion that
 5   1252(g) strips the Court of jurisdiction.  It does not
 6   stand for that proposition under these circumstances.  So
 7   as an officer of the court, you have a responsibility to
 8   brief this matter in a way that is correct and clear.
 9           You have every right to take a contrary position
10   and to assert that the prior determinations of judges of
11   this court are not correct, but the proper way to pursue
12   relief is to take an appeal, not to misrepresent the state
13   of affairs.
14           And so I wanted to put that on the table at the
15   outset of the hearing, that I found your briefing on this
16   to be less than candid.  And you have a responsibility to
17   be candid with the Court in your briefing.
18           All of these other cases, you cannot possibly
19   presume that we're not going to find them.  And they should
20   have been disclosed in the Government's briefing.
21           ATTORNEY WARNER:  Yes, Your Honor.
22           Would you like me to continue on?
23           THE COURT:  Well, I mean, I know the Government's
24   position.
25           ATTORNEY WARNER:  Okay.
```

```
 1            THE COURT:  I know that your assertion is that
 2   1252(g) strips the Court of jurisdiction.  That's not
 3   correct.  And the Gupta case doesn't stand for that
 4   proposition.  So I'm not persuaded that I don't have
 5   jurisdiction.
 6            I do have jurisdiction to address the petitioner's
 7   claims here where he's not challenging the decision by
 8   immigration to commence deportation or removal proceedings
 9   against him.  He's challenging the unlawful nature of his
10   detention, which is properly within the purview of the
11   Court.  And 1252(g) does not deprive the Court of
12   jurisdiction on that basis.
13            So then the next question on the merits is whether
14   or not 1225 is the proper statute for him to be detained
15   under.  Again, I don't agree with the Government's position
16   on that.
17            Mr. Rivero is not an applicant seeking admission.
18   He's been in the country for some three or four years.  The
19   proper way to proceed would be to proceed under 1226.
20            And, you know, it just looks like -- it is a
21   simple case, I think.  But unfortunately for the
22   Government's position, it's simple in the other direction
23   because he's not detained lawfully, he's being deprived of
24   his constitutional rights.
25            And he was entitled under 1225 -- I mean under
```

```
 1   1226, if he had been apprehended under 1226 and detained
 2   under 1226, which he was not, he would have been entitled
 3   to a bond hearing.  And that is, I think, crystal clear.
 4            So I think it is a simple case.  I just think,
 5   unfortunately, for the Government's position it's simple in
 6   the other direction.
 7            ATTORNEY WARNER:  Okay.  Yes, Your Honor.
 8            Just briefly, I would like to mention that
 9   pursuant to 12 -- I'm sorry -- 236, U.S.C. 1226, that
10   governs the process for arresting and detaining aliens who
11   were inadmissible at the time of entry or have been
12   convicted of a certain criminal offense.
13            You know, that's not the situation that we're
14   dealing with here.  We are dealing -- the Government's
15   position is that we are dealing with it pursuant to 1225
16   and that he is an applicant for admission.
17            THE COURT:  So, again, I apologize for
18   interrupting you.  But I know -- I know that in the
19   summertime that the immigration service reversed its
20   position on whether or not 1225 or 1226 was the appropriate
21   way to proceed.
22            But, you know, what the United States Supreme
23   Court has taught us, at least in Loper Bright, is that what
24   the service, what the agency thinks is the interpretation
25   of the statute is not entitled to any deference whatsoever
```

```
 1   because that's the Court's function to decide what does the
 2   statute say.
 3            The statute is clear as could possibly be, is that
 4   1225 does not apply to this petitioner.  1226 applies to
 5   this petitioner.
 6            ATTORNEY WARNER:  Okay.  Thank you, Your Honor.
 7            THE COURT:  You're welcome.
 8            Mr. Arroyo.
 9            ATTORNEY ARROYO:  May I approach, Your Honor?
10            THE COURT:  Yes.
11            ATTORNEY ARROYO:  May it please the Court.
12            Counsel.
13            Judge, I'm going to be brief.  We stand by our
14   arguments in our pleadings.  We do agree with the Court.
15   Mr. Javier Gimenez has been held unlawfully,
16   unconstitutionally at the Orange County Jail.
17            What's very striking in this matter, Your Honor,
18   is that he wasn't even given a notice to appear, there was
19   no NTA, no probable cause for arrest, no criminal charge.
20            And, interestingly, an NTA was not given to him
21   until two days after Your Honor ordered -- issued an order
22   on our injunction petition and our habeas.
23            So the Government seems to be trying to go back in
24   time and believes that filing an NTA at this moment can
25   cure a constitutional violation in the past.  We would
```

```
 1  argue that that is improper.
 2         Judge, the Government's assertion that the
 3  petitioner provided no evidence of TPS, we're not here to
 4  resolve whether he's entitled to TPS.  We're here on
 5  strictly the issue of unlawful detention.
 6         THE COURT:  You know, I got on the Government's
 7  lawyer a little bit about the quality of the Government's
 8  briefing and the lack of candor to the Court.
 9         I would offer the same thing to you, Mr. Arroyo,
10  in terms of when you file an emergency application, you
11  need to make sure your facts are correct.  Because you're
12  asking the Court to take an ex parte action without the
13  appearance of the Government on the other side.  I rely
14  upon the statements that are contained because they're
15  provided under your obligation as well to be candid with
16  the Court.
17         So when you make a representation in your filing
18  that your client has TPS status, I take that as fact.  It
19  turns out, not true.
20         ATTORNEY ARROYO:  I understand, Judge.  That's why
21  as soon as we identified it, we immediately filed a
22  clarification.
23         THE COURT:  And a clarification is great, but it's
24  not what's required.  What's required is get your facts
25  straight when you file your application.
```

```
 1            ATTORNEY ARROYO:  Understood, Your Honor.
 2            The Government's next argument is that transfer
 3   would cause -- wouldn't cause irreparable harm by
 4   undermining judicial review.
 5            We would argue that if action is not taken, this
 6   would impair petitioner's access to the court and to
 7   counsel.  We have seen in other cases where they are
 8   transported to other states.  At that point, counsel was
 9   cut off.
10            It would frustrate the Court's ability to afford
11   effective relief.  This Court would lose jurisdiction if he
12   is taken to another state.  And it would perpetuate an
13   ongoing deprivation of liberty without individualized
14   findings.
15            And, finally, Your Honor, we would argue that the
16   equities and public interests favor immediate release.  And
17   the reason we're concerned about -- yes, Your Honor does
18   have the option of ordering an immigration court to carry
19   out a bond hearing.  But the issue that we're very
20   concerned about, Your Honor, is that increasingly we are
21   seeing immigration judges declare that they lack
22   jurisdiction in cases of immigrants such as my client
23   entering through the border.
24            So there is a pretty big risk of potentially
25   continuing this limbo of he remaining in custody.  So that
```

```
 1  is our concern.
 2          THE COURT:  What is Mr. Rivero's living status now
 3  in terms of if he's not in custody?  Where does he reside?
 4          ATTORNEY ARROYO:  He's currently living with his
 5  mother, Your Honor, in Central Florida.
 6          As we stated in our pleadings, he was paroled.  He
 7  didn't go into the shadows and try to hide.  He went and
 8  got a work permit, Social Security card.  He did everything
 9  in his power to be here lawfully.  He applied for TPS,
10  which is pending.  He has a hearing in March.  He has
11  abided by the law.  So there's nothing within his history
12  here that would stand for the proposition that he's a
13  danger to society, he's a flight risk, none of that,
14  Your Honor.
15          We've heard time and time again the argument that
16  immigrants should come here but the right way.  Yes,
17  Mr. Gimenez was fleeing political persecution from
18  Venezuela, a country we just invaded.  But that's besides
19  the fact.
20          He came here fleeing political persecution.  He
21  sought to be here lawfully, the way it's supposed to be.
22  He has a hearing in March.  He's abiding by the law.  He's
23  going to school.  He's working.
24          THE COURT:  Where is he in school?
25          ATTORNEY ARROYO:  Oak Ridge High School, Judge.
```

| | |
|---|---|
| 1 | He's here to pursue the American dream.  He's not |
| 2 | subject to mandatory detention, Your Honor.  He's done |
| 3 | everything he's supposed to do as an immigrant of this |
| 4 | country, which was founded by immigrants, to be here |
| 5 | lawfully. |
| 6 | Judge, we would, in closing, request that the |
| 7 | Court grant the petition, order petitioner's immediate |
| 8 | release on appropriate conditions. |
| 9 | In the alternative, if Your Honor is inclined to |
| 10 | order an immigration court to provide a bond hearing, we |
| 11 | would ask that the injunction remain in place until we are |
| 12 | able to confirm whether or not that judge is going to |
| 13 | declare that they don't have jurisdiction as we are |
| 14 | increasingly seeing with people who enter through the |
| 15 | border. |
| 16 | And that would be a very bad scenario because my |
| 17 | client will remain in limbo.  This Court will probably lose |
| 18 | jurisdiction, and he will be detained for God knows how |
| 19 | long. |
| 20 | THE COURT:  All right.  Thank you, Mr. Arroyo. |
| 21 | ATTORNEY ARROYO:  Thank you, Judge. |
| 22 | THE COURT:  Ms. Warner, is there anything you want |
| 23 | to add?  I'll give you an opportunity if you'd like to do |
| 24 | that. |
| 25 | ATTORNEY WARNER:  One moment, Your Honor. |

```
1                THE COURT:  Sure.
2                (Brief pause.)
3                ATTORNEY WARNER:  Nothing further, Your Honor.
4      Thank you.
5                THE COURT:  All right.  Thank you.
6                So I am going to grant the petition.  I'm going to
7      find that Mr. Gimenez Rivero was unlawfully detained
8      pursuant to 1225.  I'm going to extend the temporary
9      restraining order orally pending the issuance of a written
10     order.
11               I am going to order Mr. Gimenez Rivero's immediate
12     release from custody.
13               I'm going to enjoin the Government from
14     rearresting Mr. Gimenez Rivero for a period of 10 days.  If
15     he is redetained pursuant to the appropriate statute, 1226,
16     I'm going to require that he be provided with a bond
17     hearing no later than 10 days after the date that he's
18     taken into detention.
19               I'm going to leave the file in an inactive status.
20     And, Mr. Arroyo, if Mr. Gimenez Rivero is redetained
21     pursuant to 1226 and a bond hearing is not secured for him
22     within 10 days of his detention, you can reapply for habeas
23     relief and I'll consider your petition at that time.
24               Anything further from the petitioner, Mr. Arroyo?
25               ATTORNEY ARROYO:  Nothing further, Your Honor.
```

```
1            THE COURT:  Anything further from the Government?
2            ATTORNEY WARNER:  No, Your Honor.
3            THE COURT:  All right.
4            So, Mr. Gimenez Rivero, I'm going to give you some
5   admonitions, some restrictions with respect to your
6   release.  I'm going to give you some temporary conditions.
7            I'm going to require that you continue to remain
8   at your residence with your mother.  And that Mr. Arroyo --
9   that you provide your lawyer with information if you change
10  your residence address or have any plans to leave the area,
11  you notify your lawyer.
12           Mr. Arroyo, you'll be required to notify the
13  immigration individuals if you receive information from
14  Mr. Gimenez Rivero that he intends to change his location.
15           Otherwise, I think that's a sufficient restraint
16  on his liberty.  And I don't think any additional
17  conditions for his release are required.  But I will
18  require that.
19           And then as I said already, if he's taken back
20  into custody pursuant to the appropriate statute, 1226, a
21  bond hearing within 10 days.  And if no bond hearing
22  occurs, come back and see me.
23           ATTORNEY ARROYO:  Thank you, Your Honor.
24           THE COURT:  We'll be in recess.
25           (Proceedings adjourned at 10:23 a.m.)
```

```
 1                    C E R T I F I C A T E

 2

 3         I certify that the foregoing is a correct

 4    transcript from the record of proceedings in the

 5    above-entitled matter.

 6

 7    February 3, 2026

 8

 9         s\   Amie R. First

10    Amie R. First, RDR, CRR, CRC, CPE
      Federal Official Court Reporter
11    United States District Court
      Middle District of Florida
12
```