UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JAVIER GIMENEZ RIVERO,

    Petitioner,

v.   Case No. 6:26-cv-66-RBD-NWH

SHERIFF JOHN MINA, LOUIS A.
QUINONES, JR., and ICE/U.S.
IMMIGRATION AND CUSTOMS
ENFORCEMENT,

    Respondents.
_____/

**JOINT DECLARATION OF LACY R. HARWELL, JR., CIVIL CHIEF AND YOHANCE A. PETTIS, DEPUTY CIVIL CHIEF**

We, Randy Harwell and Yohance Pettis, jointly declare as follows pursuant to the authority of 28 U.S.C. § 1746:

1. I, Randy Harwell, am the Civil Division Chief for the U.S. Attorney's Office, Middle District of Florida. I have been employed with the U.S. Attorney's Office for the Middle District of Florida since 2004 and have served as the Civil Chief since 2011.

2. I, Yohance Pettis, am the Civil Division Deputy Chief for the U.S. Attorney's Office, Middle District of Florida. I have been employed with the U.S. Attorney's Office for the Middle District of Florida since 2011 and have served as the Deputy Civil Chief since 2018.

3. We have prepared this declaration in support of United States Attorney Kehoe's and Assistant United States Attorney (AUSA) Joy Warner's Response to this Court's Order to Show Cause (Doc. 15). What follows is based on our personal and professional knowledge, our collective supervision of AUSA Warner, as well as our collective observations of AUSA Warner's work and engagement with her colleagues within the U.S. Attorney's Office, Middle District of Florida, and her engagement before the judiciary within the Middle District of Florida. The following representations are also made based on our review of the pleadings filed in the above-styled case.

4. AUSA Joy Warner began her employment with the U.S. Attorney's Office, Middle District of Florida in December 2024. She has been a practicing attorney since 2018 with varying experience. Her entire professional career has been in government service.

5. Since joining the U.S. Attorney's Office, Middle District of Florida, AUSA Warner has handled a wide variety of legal matters including, but not limited to employment, Federal Tort Claims Act, bankruptcy, and immigration. AUSA Warner has represented the United States, as well as its agencies with the utmost professionalism. She has demonstrated a tremendous ability to engage in a professional manner with opposing counsel, as well as with this Court.

6. Throughout her time with the U.S. Attorney's Office, AUSA Warner has filed numerous motions, including dispositive motions on a wide variety of issues. She has also appeared before several judges in this Court. AUSA Warner has

never conducted herself in a manner that fails to comport with her professional and/or ethical obligations. AUSA Warner has been a zealous advocate for the United States and its agencies and, at no time, has she put forth arguments before any court that lack support in the law.

7. As the Court notes in its Order (Doc. 15), there have been a flood of cases, not only in the Middle District of Florida, but across the country, pertaining to the detention of non-citizens who are present in this country. Indeed, there have been numerous petitions for writs of habeas corpus and motions for temporary restraining orders filed in the Middle District of Florida on a daily basis, often with short response deadlines, understandably so, given the nature of the matters at hand. As the Court is certainly aware, this deluge of novel immigration litigation presents emergent and complex question of statutory interpretation; namely, whether an alien without lawful admission who has been living in the United States for some appreciable period of time is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) or instead is subject to discretionary detention and receive a bond hearing under 8 U.S.C. § 1226(a).

8. Among her many other cases, AUSA Warner has been tasked with assisting with the exploding immigration docket. She has handled this very complex and nuanced immigration docket the same way she handles any matter – with the utmost professionalism and high-level legal research and analysis. As evidenced by a nationwide split—albeit uneven—on the statutory interpretation at issue in this matter, and no existing binding precedent, the arguments presented by AUSA

Warner contained both evidentiary support and legal contentions that were warranted. While there exists judicial interpretations of the law that are contrary to the Government's position, interpretations also exist that fully support the Government's position.

9.  As AUSA Warner's supervisors during her entire tenure with the U.S. Attorney's Office, we can state with confidence that AUSA Warner has consistently conducted herself in a way that comports with her professional obligations as an attorney. For any matter that we have assigned to her, it is because we have full faith and confidence in her ability to represent the United States with professionalism, good character, and sound judgment.

We declare that the foregoing is true and correct to the best of our knowledge and belief and is given under penalty of perjury pursuant to 28 U.S.C. § 1746.

Dated: February 9, 2026

/s/ *Lacy R. Harwell, Jr.*
LACY R. HARWELL, JR.
Chief, Civil Division
Assistant United States Attorney
FBN 714623
400 N. Tampa Street, Suite 3200
Tampa, Florida 33602-4798
Telephone: (813) 274-6000
Facsimile: (813) 274-6200
Email: randy.harwell@usdoj.gov

/s/ *Yohance A. Pettis*
YOHANCE A. PETTIS
Deputy Chief, Civil Division
Assistant United States Attorney
FBN: 021216
400 N. Tampa Street, Suite 3200
Tampa, Florida 33602-4798
Telephone: (813) 274-6000
Facsimile: (813) 274-6200
Email: yohance.pettis@usdoj.gov