UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| **JAVIER GIMENEZ RIVERO,**<br>      Petitioner,<br><br>v.<br><br>**JOHN MINA, in his official capacity as Sheriff of Orange County, Florida;**<br><br>**LOUIS A. QUINONES, JR., in his official capacity as Warden of the Orange County Jail;**<br><br>**UNITED STATES DEPARTMENT OF HOMELAND SECURITY;**<br><br>**IMMIGRATION AND CUSTOMS ENFORCEMENT;**<br><br>**ICE FIELD OFFICE DIRECTOR, ORLANDO FIELD OFFICE,**<br>in his or her official capacity,<br><br>      Respondents. | CASE NO: |

**PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241
AND COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**

Petitioner, by and through undersigned counsel, alleges as follows:

### I. Introduction

1. This is a petition for a writ of habeas corpus under 28 U.S.C. § 2241 and a complaint for injunctive and declaratory relief challenging on behalf of Petitioner Javier Gimenez Rivero, booking number 26000879, who is being unlawfully detained at the Orange County Jail in Orlando, Florida, without criminal charges, judicial process, or lawful authority, and challenging Respondent's threatened transfer of Petitioner to ICE custody. Petitioner seeks immediate release.

2. Petitioner is lawfully present in the United States as a national of Venezuela and possesses a valid driver license, Social Security number, and employment authorization. **See Exhibit A.**

3. Petitioner has been confined at the Orange County Jail since January 7th, 2026, following an arrest by the Orange County Sheriff's Office for allegedly being "undocumented," despite having no criminal charges and receiving no written notice stating the legal basis for his continued detention.

4. Petitioner has no criminal record and no pending criminal charges. Respondents have not filed any criminal charge in state court and Petitioner has received no written notice stating the legal basis for his continued detention.

5. Upon information and belief, Respondents are holding Petitioner solely on an ICE immigration detainer ("ICE hold) and intend to transfer Petitioner to an immigration detention facility in Miami, Florida as early as tomorrow, absent intervention of this Court.

6. Petitioner is the derivative child of his mother's I-589. Petitioner is the derivative child of his father's pending asylum application **and** therefore is not properly subject to local civil-immigration confinement absent lawful federal process. **See Exhibits B** *I-589 receipt/notice, Petitioner's and Birth Certificate.*

7. Petitioner seeks immediate release and temporary and permanent injunctive relief preventing Respondents from continuing to restrain his liberty (or transferring him) without lawful authority.

## II. Jurisdiction and Venue

8. This Court has jurisdiction under federal question and habeas corpus jurisdiction, including but not limited to the habeas statute authorizing persons in custody under or by color of the authority of the United States to seek relief, and the general federal question statute. See 28 U.S.C. § 2241; 28 U.S.C. § 1331.

9. This Court is authorized to grant the writ and to dispose of the matter as law and justice require. See 28 U.S.C. § 2243.

10. Venue is proper in this District and Division because Petitioner is in custody within Orange County, Florida, which lies in the Orlando Division of the Middle District of Florida, and the Respondents exercise custody in this District.

## III. Parties

11. Petitioner: Javier Gimenez Rivero, a national of Venezuela lawfully present in the United States, currently detained at the Orange County Jail, 3723 Vision Blvd., Orlando, FL 32839.

12. Respondent Sheriff John Mina is the Sheriff of Orange County, Florida, and has ultimate authority over the custody of individuals detained by the Orange County Sheriff's Office and housed at the Orange County Jail.

13. Respondent Orange County Jail Warden (name presently unknown) is the official responsible for the day-to-day custody and confinement of detainees at the Orange County Jail.

### IV. Custody and Exhaustion

14. Petitioner is "in custody" for purposes of federal habeas review. See 28 U.S.C. § 2241(c).

15. To Petitioner's knowledge, no administrative remedy exists within the Orange County Jail to challenge a detention premised on alleged immigration concerns with no criminal charge. To the extent exhaustion might be considered, it is not required or would be futile under these circumstances.

### V. Factual Allegations

16. On or about January 7th, 2026, Petitioner was arrested by officers of the Orange County Sheriff's Office in Orange County, Florida, on the stated basis that he was allegedly "undocumented."

17. Petitioner was transported to and has been held at the Orange County Jail.

18. Petitioner has been detained without a criminal charge being filed in state court.

19. Petitioner has not received any written notice or documentation from Respondents regarding the legal authority or basis for his continued detention.

20. Upon information and belief, the sole basis for Petitioner's continued confinement is an ICE immigration detainer—an administrative request that the jail keep Petitioner in custody so ICE may assume custody later. See 8 C.F.R. § 287.7 (detainer "is a request").

21. Petitioner is lawfully present in the United States as a Venezuelan national under Temporary Protected Status. He holds a valid and unexpired employment authorization document (EAD), possesses a Social Security number, and a valid Florida driver license.

22. Upon information and belief, Respondents are detaining Petitioner without a judicial warrant, without a pending criminal charge, and without lawful authority to hold him on the basis of suspected civil immigration issues.

23. Petitioner's continued detention lacks probable cause of any crime and violates fundamental due process. If any civil immigration inquiry exists, local jailors lack authority to hold Petitioner in noncriminal custody absent a lawful basis and due process safeguards.

24. Petitioner is a derivative child of his mother's pending asylum application. Petitioner is not a criminal detainee and is not properly subject to indefinite civil detention by local jailers without lawful authority.

### VI. Legal Framework and Argument

**A. Habeas jurisdiction reaches unlawful civil detention by state actors effectuating federal immigration objectives**

25. Habeas relief under § 2241 is available where custody violates the Constitution or laws of the United States, including unlawful restraints imposed by state actors acting "under color" of federal authority or in coordination with federal immigration enforcement.

**B. ICE detainers do not supply independent lawful authority for local detention**

26. A detainer under 8 C.F.R. § 287.7 is not a judicial warrant and, by its terms, is a request.

27. Numerous federal courts have held that prolonged custody or post-release detention based solely on an ICE detainer can violate the Fourth Amendment and due process. See, *Galarza v. Szalczyk,* 745 F.3d 634 (3d Cir. 2014); *Miranda-Olivares v. Clackamas County,* No. 3:12-cv-02317-ST, 2014 WL 1414305 (D. Or. Apr. 11, 2014*)*; *Morales v. Chadbourne*, 793 F.3d 208 (1st Cir. 2015)

**C. Fourth Amendment: unreasonable seizure / no probable cause / no warrant**

28. Detaining Petitioner without a criminal charge, without a judicial warrant, and solely for civil immigration purposes constitutes an unreasonable seizure under the Fourth Amendment.

29. The threatened transfer to ICE custody—absent any judicial warrant or lawful criminal process—is itself a seizure that will extend and intensify the constitutional violation.

**D. Fifth/Fourteenth Amendment: due process violation (no notice, no hearing, no lawful basis)**

30. Petitioner has been deprived of liberty with no notice of authority, no judicial process, and no meaningful opportunity to challenge detention—violating due process.

**E. Ultra vires detention by local officials on civil immigration grounds**

31. Local jailors lack independent authority to hold a person for civil immigration enforcement absent lawful process.

### VII. Claims for Relief

**COUNT I** — Unlawful Custody in Violation of the Constitution and Laws of the United States (28 U.S.C. § 2241)

32. Petitioner realleges paragraphs 1–33.

33. Petitioner's detention is unlawful because it lacks criminal charges, judicial process, and lawful authority.

**COUNT II** — Fourth Amendment (Unreasonable Seizure)

31. Petitioner realleges paragraphs 1–33.

32. Petitioner is being detained and is threatened with transfer without a warrant and without probable cause of any criminal offense.

**COUNT III** — Due Process (Fifth/Fourteenth Amendments)

33. Petitioner realleges paragraphs 1–33.

34. Detaining Petitioner with no criminal charge, no judicial process, and no notice of the basis for confinement deprives him of liberty without due process of law.

**COUNT IV** — Ultra Vires Detention Based on Civil Immigration Grounds

35. Petitioner realleges paragraphs 1–33.

36. To the extent Respondents purport to hold Petitioner based on suspected civil immigration concerns, such detention is not authorized absent lawful process.

**COUNT V** — Declaratory and Injunctive Relief (28 U.S.C. §§ 2201–2202; Rule 65)

37. Petitioner realleges paragraphs 1–33.

38. A declaration and injunction are necessary to prevent imminent transfer and continued unlawful detention.

### VIII. Irreparable Harm and Inadequate Remedy at Law

39. Every day of unlawful detention inflicts irreparable harm. Monetary damages cannot remedy the deprivation of liberty. Habeas corpus is the appropriate and necessary remedy.

### IX. Requested Relief

Petitioner respectfully requests that the Court:

a. Issue an order to show cause directing Respondents to justify Petitioner's detention forthwith, and set an expedited hearing as soon as practicable under 28 U.S.C. § 2243;

    b.      Issue a writ of habeas corpus directing Respondents to immediately release Petitioner from custody;

    c.      Enter a TRO/preliminary injunction prohibiting Respondents from transferring Petitioner to ICE custody absent a judicial warrant or other lawful authority;

    d.      Declare that Petitioner's detention based solely on an ICE detainer and without criminal process is unlawful;

    e.      Award such other and further relief as the Court deems just and proper, including costs.

In the alternative, order Petitioner's immediate production before this Court and require Respondents to establish a lawful basis for detention, failing of which Petitioner must be released;

    f.      Award such other and further relief as the Court deems just and proper, including costs.

I, Phillip Arroyo, Esq. counsel for Petitioner, declare under penalty of perjury that the facts stated herein based on my personal knowledge are true and correct, and that the facts stated on information and belief are believed to be true. This verification is made pursuant to 28 U.S.C. § 1746.

## CERTIFICATE OF SERVICE

I hereby certify that on 12th of January of 2026, I electronically served a copy of the foregoing on the Office of the Orange County Sheriff, 2500 W. Colonial Dr., Orlando, FL 32804 and legal@ocso.com ; the Warden, Orange County Jail, 3723 Vision Blvd., Orlando, FL 32839 and ccd@ocfl.net, OCCDRecords@ocfl.net, and ICE-Orlando Field Office Miami.Outreach@ice.dhs.gov , Orlando.DutyAtty@ice.dhs.gov

                **THE ARROYO LAW FIRM**
                390 N Orange Ave. Suite 625
                Orlando, FL 32801
                Phone: 407-770-9000
                Fax: 407-901-0709

                /s/ Phillip Arroyo
                PHILLIP ARROYO, ESQ.
                Florida Bar No. 1022409
                Phillip@ChillCallPhil.com
                Josephine@ChillCallPhil.com

                Attorney for Defendant